IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-797 WHA |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATION AND [PROPOSED] |
| v. | ) | ORDER TO CONTINUE |
| | ) | |
| | ) | |
| BRIAN LALOR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties jointly request that, subject to the Court's approval, the status conference presently set for February 1, 2011 be continued to March 15, 2011 at 2:00pm.

When defendant Brian Lalor last appeared before the Court on January 11, 2011, the parties informed the Court that the defense needed additional time to review the discovery in this case, which can only be reviewed at the U.S. Attorney's office. The parties have since learned that in order to attempt to resolve the case, the government needs to conduct a further evaluation of the evidence and the defense would like to conduct a psychological evaluation of the defendant. Accordingly, as the efforts of both the government and the defense will require additional time, and the parties do not anticipate that anything meaningful will occur at the appearance on February 1, the parties jointly stipulate and request that this Court continue the

1  hearing from February 1 to March 15 at 2:00pm.   The parties are also requesting this continues

2  because defense counsel will be in trial beginning on March 4th.

3        The parties agree to an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161,

4  from February 1, 2011 to March 15, 2011, given the need for both parties to have a reasonable

5  opportunity for effective preparation.

6        Based upon the representation of counsel and for good cause shown, the Court finds that

7  failing to exclude the time from February 1, 2011 to March 15, 2011 would unreasonably deny

8  the defendant and his counsel the reasonable time necessary for effective preparation, taking into

9  account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court further finds

10 that the ends of justice served by excluding the time from February 1, 2011 to March 15, 2011

11 from computation under the Speedy Trial Act outweigh the best interests of the public and the

12 defendant in a speedy trial.  Therefore, IT IS HEREBY ORDERED that the time from February

13 1, 2011 to March 15, 2011 shall be excluded from computation under the Speedy Trial Act.  18

14 U.S.C. § 3161(h)(7)(A) and (B)(iv).

15       IT IS SO STIPULATED.

17 January 28, 2011             /s
    DATED             OWEN MARTIKAN
18             Assistant United States Attorney

20 January 28, 2011             /s
    DATED             JODI LINKER
21             Assistant Federal Public Defender

23       IT IS SO ORDERED.

24 January 31, 2011.
    DATED             WILLIAM H. ALSUP
25             United States District Judge

26 STIP. & [PROPOSED] ORDER TO CONT.
*US v. Lalor,* Case No. CR 10- 0797 WHA     2